OPINION
Defendant-appellant, Donald Holland, appeals the decision of the Brown County Court of Common Pleas adjudicating him to be a sexual predator. We affirm the decision of the trial court.
Appellant was indicted on one count of rape of a child under the age of thirteen, one count of corruption of a minor and one count of sexual imposition. A jury convicted appellant of one count of gross sexual imposition and two counts of sexual imposition. Following a hearing conducted pursuant to R.C. 2950.09, the trial court found appellant to be a sexual predator. Appellant appeals from this finding and sets forth one assignment of error:
 THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR.
In his assignment of error, appellant argues that the trial court's finding that he is a sexual predator is against the manifest weight of the evidence. Specifically, appellant maintains that the state failed to prove by clear and convincing evidence that he is likely to engage in sexually oriented offenses in the future. Appellant also asserts that the trial court incorrectly considered two factors in making its determination that he is a sexual predator. First, appellant argues that the trial court erred by considering the conduct surrounding his convictions for sexual imposition because the offenses are not "sexually oriented offenses" as defined by R.C. Chapter 2950. Second, appellant argues that the trial court erred by using his assertions of innocence after his conviction against him in determining whether he is likely to recidivate. We disagree.
Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than evidence "beyond a reasonable doubt." State v. Danby (1983),11 Ohio App.3d 38, 41, citing Cross, 161 Ohio St. at 477.
When making a determination as to whether a defendant is a sexual predator, the trial court shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
Neither party to a sexual predator adjudicatory hearing is required to present new evidence or call and examine witnesses. All that is required is that the parties are given the opportunity to do so. R.C.2950.09(B)(1). The Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. State v. Cook (1998),83 Ohio St.3d 404, 425. The trial judge may use reliable hearsay such as a presentence investigation report when making the sexual predator determination. Id. The trial court may also rely upon victim impact statements. See id. at 424; State v. Southerland (Dec. 30, 1999), Butler App. No. CA99-01-013, unreported; State v. Parker (Nov. 19, 1999), Columbiana App. No. 98-CO-76, unreported.
After evidence is presented, the trial court is required to consider the factors enumerated in R.C. 2950.09(C)(2)(b) in making its determination. The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2).State v. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, at 7. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v. Bradley
(June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported. A single conviction may support a finding that a defendant is a sexual predator in certain cases. See State v. Higgins (May 22, 2000), Clermont App. No. CA99-07-068, unreported; State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-04-035, unreported.
In this case, the trial court considered the evidence that weighed in favor of finding some of the statutory factors listed in R.C.2950.09(B)(2). Contrary to appellant's assertions, the trial court did not err by considering appellant's post-trial claims of innocence. The refusal to admit guilt or show remorse is a factor appropriate for a trial court to consider because a defendant under such conditions would likely resist therapy and not be deterred by a sense of guilt from further sexual misconduct. State v. Palmer (Mar. 16, 2001), Montgomery App. No. 18259, unreported; State v. Payne (Mar. 16, 2001), Montgomery App. No. 18515, unreported; State v. Kendrick (Sept. 30, 1999), Franklin App. No. 98AP-1305, unreported.
The trial court also did not err by considering appellant's concurrent convictions for sexual imposition. R.C. 2950.09(B)(2)-(b) expressly permits the trial court in a sexual predator determination to consider the offender's "prior criminal record regarding all offenses including, but not limited to, all sexual offenses." (Emphasis added.) Further, when reviewing the factors enumerated under R.C. 2950.09(B)(2) and any other relevant characteristics under R.C. 2950.09(B)(2)(j), the trial court may look into the defendant's past behavior. State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 5, affirmed,84 Ohio St.3d 19.
Evidence at the hearing demonstrated that appellant was thirty-seven years old when he engaged in sexual conduct with the victims. The victim of the gross sexual imposition was a ten-year-old girl; the victim of the two counts of sexual imposition was a thirteen-year-old girl. Appellant was baby-sitting the girls when the offenses occurred and as such he was in a position of trust and authority. Appellant, after his conviction for the offenses, failed to accept any responsibility for his offenses and maintained that the sexual contact with the girls was accidental.
We find that there is clear and convincing evidence in the record to support the trial court's determination that appellant is a sexual predator. Appellant's assignment of error is overruled.
Judgment affirmed.
 ________________________ POWELL, J.
VALEN, P.J., and WALSH, J., concur.